UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| CLAUDELL GREEN,<br><br>            Petitioner,<br><br>       v.<br><br>DOMINGO URIBE, JR., Warden,<br><br>            Respondent. | Case No. CV 10-5603-VAP(AJW)<br><br>MEMORANDUM AND ORDER<br>DISMISSING PETITION<br>FOR LACK OF JURISDICTION |

Petitioner previously filed two federal habeas petitions in this Court. [Case Nos. CV 04-4705-GPS(AJW) and CV 07-7182-VAP(AJW)].[1] The prior petitions challenged petitioner's 1995 conviction of bank robbery and the sentence imposed as a result of that conviction. The Court considered the merits of petitioner's claims and rejected them. In both cases, judgment was entered denying the petition on the merits. The Ninth Circuit has denied petitioner's requests for a certificate of appealability. In this petition, petitioner again attempts to

---

[1] The Court takes judicial notice of such "matters of public record." See Fed.R.Evid. 201; Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001).

1 challenge his 1995 conviction. [Petition at 2-5].

2 A habeas petitioner is generally required to present all of his or her grounds for relief simultaneously rather than serially.

> Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244(b)(3)(A). Thus, a petitioner may not file a second or successive petition in this Court without obtaining prior permission from a three-judge panel of the Ninth Circuit Court of Appeals. As explained by the Supreme Court, the statute

> creates a "gatekeeping" mechanism for the consideration of second or successive applications in district court. The prospective applicant must file in the court of appeals a motion for leave to file a second or successive habeas application in the district court.

Felker v. Turpin, 518 U.S. 651, 657 (1996). Unless a petitioner has obtained permission from the Court of Appeals, this Court lacks jurisdiction to consider the merits of a successive petition. Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001), cert. denied, 538 U.S. 984 (2003).

A second habeas petition is not considered "successive" if the initial habeas petition was dismissed for a technical or procedural reason rather than on the merits. Slack v. McDaniel, 529 U.S. 473, 485-487 (2000)(holding that a habeas petition filed after a prior habeas petition was dismissed for failure to exhaust state remedies and without adjudication on the merits was not a "second or successive petition"). Petitioner's prior two habeas petitions, however, were

1  rejected on the merits rather than on the basis of any procedural
2  deficiency.
3       Petitioner has not shown that he has obtained leave from the Court
4  of Appeals to file a successive petition. Consequently, this Court
5  lacks jurisdiction to consider the petition, and it is dismissed
6  without prejudice to petitioner's right to seek the necessary
7  authorization from the Court of Appeals.
8  **IT IS SO ORDERED.**

10 Dated:  August 6, 2010

   _____
   Virginia A. Phillips
   United States District Judge

3

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| CLAUDELL GREEN, ) | Case No. CV 10-5603-VAP(AJW) |
| ) | |
| Petitioner, ) | JUDGMENT |
| ) | |
| v. ) | |
| ) | |
| DOMINGO URIBE, JR., Warden ) | |
| ) | |
| Respondent. ) | |
| _____) | |

**IT IS HEREBY ADJUDGED** that the petition for a writ of habeas corpus is dismissed for lack of jurisdiction.

Dated: _____

                                                    _____
                                                    Virginia A. Phillips
                                                    United States District Judge